IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BOARDS OF TRUSTEES OF OHIO LABORERS' FRINGE BENEFITS PROGRAMS, : : : | Case No. 2:13-cv-00078 |
| Plaintiffs, : | JUDGE ALGENON L. MARBLEY |
| v. : | Magistrate Judge Deavers |
| DEER CREEK EXCAVATING, LLC, *et al.*, : : | |
| Defendants. : | |

## ORDER

This matter is before the Court on Plaintiffs' Motion for Default Judgment against Defendant Deer Creek Excavating, LLC (Doc. 12). Plaintiffs seek $30,181.71 in unpaid contributions, liquidated damages and interest, plus interest from the time of judgment at a rate of 1% per month. (Doc. 12 at 1). Plaintiffs also seek $1,610.00 in attorney fees, as well as costs. Plaintiffs move to dismiss the claims against the remaining Defendants without prejudice. (*Id.*). For the reasons stated herein, default judgment is **GRANTED**.

Plaintiffs, the fiduciaries of three employee benefit trusts and one labor management cooperative trust, brought this action against Defendants based on various collective bargaining agreements between Defendants and a local union affiliated with the Laborers' District Council of Ohio, AFL-CIO. (*Complaint*, Doc. 1, ¶¶ 1-2). Plaintiffs allege that the agreements bound Deer Creek to the Declarations of Trust establishing the funds, and obligated it to make contributions on behalf of all its employees working within the work jurisdiction. (*Id.*, ¶ 4). Plaintiffs assert that Deer Creek breached these agreements by failing to make such payments in the amount and manner set out in the agreements and Declarations of Trust. (*Id.*, ¶ 6).

Plaintiffs filed their complaint on January 30, 2013. (Doc. 1). Summons were returned as executed as to all Defendants (*see* Doc. 3, 4, 5, 6), and Defendants filed an Answer on March 6, 2013 (Doc. 7). Defendants' answer, however, was filed by Richard J. Weemhoff and Benjamin T. Flynn, who are not attorneys.

It is well-settled law "that a corporation may appear in the federal courts only through licensed counsel." *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993); *see also Doherty v. Am. Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984). In addition, because Fed. R. Civ. P. 11(a) requires the signature of an attorney or the party itself on "[e]very pleading, written motion, and other paper," a "pleading by a corporation that is not signed by an attorney is treated as unsigned for Rule 11(a) purposes." *White v. Smith*, No. 2:09-cv-00574, 2010 WL 795967, at *1 (S.D. Ohio March 2, 2010) (citation omitted). Unsigned papers will be stricken. Fed. R. Civ. P. 11(a).

Accordingly, on March 12, 2013, Magistrate Judge Deavers ordered Defendants to retain a trial attorney within 30 days. (Doc. 8). The Magistrate Judge cautioned that "failure to comply with this order could result in an entry of default in Plaintiff's favor." (*Id.* at 2). Copies of this order were sent to Weemhoff via ordinary and certified mail, and were delivered on March 14. (Doc. 9). Nothing further has been filed by Defendants, and no attorneys have appeared.

On April 24, therefore, Plaintiffs applied for entry of default under Fed. R. Civ. P. 55(a) against Deer Creek (Doc. 10), which the Clerk entered the next day (Doc. 11). Plaintiffs now move for Default Judgment against Deer Creek, and move to dismiss their claims against the remaining Defendants without prejudice. (Doc. 12 at 1).

Plaintiffs allege that Deer Creek owes the sum of $22,553.87 in unpaid contributions for the period from October 2012 through January 2013. (Doc. 12 at 3). In addition, under 29

U.S.C. § 1132(g)(2), Plaintiffs request liquidated damages and interest.  See *Sherman v. Carter*, 353 U.S. 210 (1957); *Michigan Carpenters Council v. C.J. Rogers, Inc.*, 933 F.2d 376 (6th Cir. 1991).  The collective bargaining agreement upon which Plaintiffs base their claims provides for a one-time 10% charge on all late contributions as liquidated damages, as well 1% interest per month on late contributions until paid.  (*Id.*; *see also Plaintiffs' Ex. B*, Doc. 12-3).  Plaintiffs assert that Deer Creek made late payments totaling $47,579.80.  (Doc. 12 at 3).  Thus, Plaintiffs ask for $22,553.87 in known unpaid contributions, together with $7,627.84 in liquidated damages and interest.  (*Id.*; *Plaintiffs' Ex. C*, Doc. 12-3).

Finally, Plaintiffs assert that Deer Creek is obligated to pay attorney fees and costs under 29 U.S.C. § 1132(g)(2), the collective bargaining agreement, and common law.  (Doc. 12 at 4). *See Trustees for Michigan Laborers Health Care Fund v. E. Concrete Paving Co.*, No. 90-2320, 948 F.2d 1290 (6th Cir. Oct. 31, 1991) (award of attorney fees under 29 U.S.C. § 1132(g)(2) is mandatory).  Plaintiffs provide an accounting of the time expended in pursuing this action (*see Plaintiffs' Ex. E*, Doc. 12-3), and request $1,610.00 in fees.

For the foregoing reasons, Plaintiffs' Motion for Default Judgment against Defendant Deer Creek is hereby **GRANTED**.  Deer Creek is **ORDERED** to pay Plaintiffs the sum of $30,181.71, as well as $1,610.00 in attorney fees, plus reasonable costs, and interest from the time of judgment at a rate of 1% per month.  Plaintiffs' claims against the remaining Defendants are hereby **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

                                               s/ Algenon L. Marbley
                                               **ALGENON L. MARBLEY**
                                               **UNITED STATES DISTRICT JUDGE**

**DATED: December 2, 2013**